**Brian H. Gunn (SBN 192594)**
*bhgunn@wolfewyman.com*
**Joshua M. Bryan (SBN 225230)**
*jmbryan@wolfewyman.com*
**WOLFE & WYMAN LLP**
**980 9th Street, Suite 2350**
**Sacramento, California 95814**
**Telephone:  (916) 912-4700**
**Facsimile:   (916) 329-8905**

**Attorneys for Defendant**
**PNC BANK, NA (named as PNC MORTGAGE,**
**A DIVISION OF PNC BANK, NA)**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| JOHN SOKOLOSKI & GAIL SOKOLOSKI, <br><br> Plaintiff, <br><br> v. <br><br> PNC MORTGAGE, A DIVISION OF PNC BANK, NA and DOES 1-10 inclusive, <br><br> Defendants. | Case No.: 2:14-cv-01374-WBS-CKD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT PNC BANK, NA** <br><br> **Date: August 25, 2014** <br> **Time: 2:00 p.m.** <br> **Ctrm: 5, 14th Floor** |

PNC Bank, N.A. ("PNC") hereby submits this memorandum of points and authorities in support of its motion to dismiss the Complaint filed by Plaintiffs John Sokoloski and Gail Sokoloski. ("Plaintiffs").

## I.      INTRODUCTION

Plaintiffs brought this action alleging in substance that during their Chapter 13 Bankruptcy, PNC filed a Notice of Payment Change reducing their monthly mortgage loan payment from $1,410.05 to $554.20 per month with respect to a loan secured by the Property commonly known as 1162 East 22nd Street, Marysville, CA 95901 ("Property").

W&W <br> WOLFE & WYMAN LLP <br> ATTORNEYS & COUNSELORS AT LAW

1722570.1

Plaintiffs allege that as a result, they paid off all arrears to PNC; all other claims and completed their Chapter 13 plan early.  Plaintiffs allege that upon the instruction of PNC, they began making timely payments of $1,410.05 starting in January 2014.  Plaintiffs allege that on or about April 2014, however, PNC informed Plaintiffs their loan was in default and that they must pay $10,526.91 to bring the loan current.  Plaintiffs allege that PNC continues to threaten foreclosure and demand the $10,526.91 amount without a basis for doing so.

In this regard, Plaintiffs assert claims for violation of the Rosenthal Act, California Civil Code section 1788 et seq. ("Rosenthal Act"), violations of California Business & Professions Code section 17200 et seq. and violations of Civil Code sections 2920-2944 et seq. ("Homeowner Bill of Rights" or "HBOR").  As set forth more fully in this memorandum and for the following reasons, however, Plaintiffs fail to state any cognizable claim for relief against PNC.

Plaintiffs' first cause of action under the Rosenthal Act fails to state a claim because PNC is not a "debt collector" attempting to collect a "debt" within the meaning of the Rosenthal Act and the allegations of the Complaint reflect that the "debt" was actually owed.

Plaintiffs' third cause of action under the HBOR fails because it does not contain any allegations reflecting a violation (material or otherwise) of Civil Code section 2923.7, the only section it cites.

Plaintiffs' second of action under California Business & Professions Code section 17200 fails to state a claim because Plaintiffs fail to allege any wrongful conduct by PNC and Plaintiffs lack standing because they do not sufficiently allege that any conduct by PNC resulted in a loss of money or property to them.

Accordingly, this court should grant the motion to dismiss in its entirety, with prejudice.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiffs allege that they purchased the Property with a loan secured by a deed of trust against it. (Complaint, Paragraphs 1, 11.)  They allege that PNC became the servicer at some point before 2012.  (See Id.)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1722570.1

Plaintiffs allege that they filed for Chapter 13 Bankruptcy relief in the Eastern District of California on or about December 28, 2012 for the sole purpose of "getting caught up" on their loan payments. (Complaint, Paragraph 13.)

The Complaint alleges that the plan was confirmed by the Eastern District Bankruptcy Court on February 22, 2013. (Complaint, Paragraph 13.) According to Plaintiffs, the plan called for 60 monthly payments in the amount of $1,707.00. (See Id.)

Plaintiffs allege that PNC initially filed a proof of claim asserting an arrears balance of $4,601.27. (See Complaint, Paragraph 14.) Plaintiffs allege that they began making payments on the arrears pursuant to the Chapter 13 plan and also arrears on the loan. (See Complaint, Paragraph 15.)

The Complaint states that on about "June 3, 2013, PNC filed a "Notice of Mortgage Payment Change" reducing Plaintiff's monthly loan obligation from $1,410.05 to $554.20 to allow Plaintiffs to pursue a trial plan." (Complaint, Paragraph 16.) Plaintiffs allege that although they did not request the trial plan, this notice of change in payment filed by PNC in the Bankruptcy court resulted in their being able to pay off the arrears more quickly pursuant to the Chapter 13 plan and caused the Bankruptcy Trustee to notify them that the Chapter 13 Plan would close early and that they should begin making payments to PNC as of January 2014 in the amount of $1,410.05. (See Complaint, Paragraphs 17-18.)

Plaintiffs never actually state when their Chapter 13 plan closed. The public Bankruptcy filings, however, confirm that the plan closed in March 2014. (See Request for Judicial Notice.)

Plaintiffs allege that PNC did not file a request to withdraw or change its payment change notice until March 12, 2014. (See Complaint, Paragraph 19.)

According to Plaintiffs, they timely made payments on the loan in the amount of $1,410.05 from January 2014 through April 2014. (See Complaint, Paragraph 21.)

Plaintiffs allege that on April 25, 2014, PNC told them that the loan was in default, that the foreclosure process was underway and that they would be required to pay approximately $10,526.91

1   to bring the loan current which allegedly included $5,240.44 in "foreclosure fees and costs".

2   (Complaint, Paragraph 22.)

3       Plaintiffs generally allege that PNC's attempt to collect $10,526.91 constitutes a false,

4   misleading representation of the legal status of a debt and an unconscionable means to collect a debt.

5   Plaintiffs allege this conduct violates California's Rosenthal Fair Debt Collection Practices Act.

6   (See Complaint, Paragraph 23.)

7       The Complaint asserts that PNC "maintains the threat of foreclosure on the Property and

8   asserts that it is owed $10,526.91 to bring the loan current." (Complaint, Paragraph 27.)

9   **III.   STANDARD OF REVIEW**

10      Pursuant to FRCP 12(b)(6), "failure to state a claim upon which relief can be granted,"

11  is a basis to dismiss a complaint where the moving party can demonstrate beyond doubt that

12  the Plaintiff cannot provide a set of facts in support of his claim which would entitle them to

13  relief, such that this Motion to Dismiss should be granted. (See Puckett v. Park Place

14  Entertainment, Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).) The U.S. Supreme Court

15  requires a plaintiff to plead more than "labels and conclusions" or a "formulaic recitation of

16  the elements of a cause of action" to survive a motion to dismiss. (Bell Atlantic Corp. v.

17  Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible

18  claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its

19  judicial experience and common sense. But where the well-pleaded facts do not permit the

20  court to infer more than the mere possibility of misconduct, the complaint has alleged-but it

21  has not 'show[n]'-'that the pleader is entitled to relief.'" (Ashcroft v. Iqbal, 556 U.S. 662, 679

22  (2009) (*quoting* Fed. R. Civ. P. 8(a)(2)) (citation omitted).)

23      While the Court should typically take the allegations as alleged in the complaint as true,

24  "Courts do not assume the truth of legal conclusions merely because they are cast in the form

25  of factual allegations." (Puckett, 332 F. Supp. 2d at 1352 (*quoting* Western Mining Counsel v.

26  Watt, 643 F. 2d 618, 624 (9th Cir. 1981).) It has specifically been held that "conclusory

27  allegations of law and unwarranted inferences are insufficient to defend a Motion to Dismiss

28

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

W&W   WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1  for failure to state a claim." (In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1403

2  (9th Cir. 1996) (*quoting* In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th

3  Cir. 1993).)

4      Where a complaint alleges a statutory violation, the complaint must identify the particular

5  statutory scheme that was violated and describe with reasonable particularity the facts supporting the

6  violation. (Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619(1993).)

7      Under this pleading standard, the motion to dismiss should be granted.

8  **IV.**   **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIFF CAN BE**

9        **GRANTED**

10      **A. Plaintiffs' First Cause of Action Under the Rosenthal Fair Debt Collection Practices Act**

11        **Fails Because PNC is Not A Debt Collector Attempting to Collect A Debt And The Debt**

12        **Allegedly Not Owed Was Actually Owed**

13      The Rosenthal Act regulates the collection of "consumer debts," which are transactions in

14  which "property, services or money is acquired on credit . . . primarily for personal, family, or

15  household purposes." (Cal. Civ. Code § 1788.2(e)-(f).)

16      In support of their first cause of action, Plaintiffs allege that PNC's attempt to collect

17  $10,526.91 constitutes a false, misleading representation of the legal status of a debt and an

18  unconscionable means to collect a debt in violation of the Rosenthal Act. (See Complaint,

19  Paragraph 23.)

20      The first independent reason Plaintiffs' first cause of action fails is that PNC is not a "debt

21  collector" within the meaning of the Rosenthal Act because the "Rosenthal Act does not apply to

22  lenders foreclosing on a deed of trust." (Ricon v. Recontrust Co. (S.D. Cal. 2009) 2009 WL

23  2407396, at *4; See Williams v. Countrywide Home Loans, Inc. (S.D.Tex.2007) 504 F.Supp.2d 176,

24  190 ["Mortgage companies collecting debts are not 'debt collectors'"].) Here, PNC was admittedly

25  "threatening foreclosure" and therefore, is excluded from the definition of a "debt" collector within

26  the meaning of the act.

27      The second independent reason Plaintiffs fail to state a claim under the Rosenthal Act is that

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1722570.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1 │ "based on the language of the statute, courts have declined to regard a residential mortgage loan as a
2 │ "debt"" under the Rosenthal Act. (Sorenson v. Countrywide Home Loans, Inc., 2010 WL 308794,
3 │ *4 (E.D. Cal. Jan. 12, 2010), citing Cal. Civ. Code § 1788.2(e)-(f); Castaneda v. Saxon Mortg.
4 │ Services, Inc. 2009 WL 4640673, *3 (E.D.Cal. Dec.3, 2009) [holding that a foreclosure pursuant to a
5 │ deed of trust does not constitute a debt collection under the RFDCPA]; Ines v. Countrywide Home
6 │ Loans, Inc., 2008 WL 4791863, *3 (S.D.Cal. July 13, 2008) [stating plaintiff's mortgage debt claim
7 │ did not fall within the meaning of the Rosenthal Act]; Pittman v. Barclays Capital Real Estate, Inc.,
8 │ 2009 WL 1108889, *3 (S.D. Cal. April 24, 2009) [dismissing plaintiff's Rosenthal Act claim because
9 │ a "residential mortgage loan does not qualify as a 'debt' under the statute"]; *also see* Keen v. Am.
10 │ Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1094-95 (E.D. Cal. 2009) [granting motion to
11 │ dismiss "'[s]ince a residential mortgage is not a debt and a home foreclosure is not debt collection
12 │ within the meaning of the statute'"]; See Ricon, supra at *4.)

13 │ Here, the alleged debt collection activities are limited to collections of a defaulted debt and
14 │ Plaintiffs defaulted prior to the conduct alleged in the Complaint. (See Request for Judicial Notice.)
15 │ Therefore, Plaintiffs' first cause of action also fails on this second independent ground.

16 │ The third independent reason that the first cause of action fails to state a claim is that the
17 │ Complaint does not allege that PNC's conduct amounted to a misleading representation of a debt and
18 │ an unconscionable means to collect a debt. Although Plaintiff attaches a notice of payment change
19 │ submitted by PNC to the Bankruptcy proceeding setting forth a reduction in monthly payment
20 │ obligations from $1410.20 to $554.20 to the Complaint, the notice also attaches the documentation
21 │ upon which the payment change is based. (Exhibit B to Complaint.) That documentation is a trial
22 │ plan offer that allows for payments in the amount of $554.20 for the months of July, August and
23 │ September 2013. (See Id.)

24 │ Based on the allegations of the Complaint, not only did Plaintiffs never actually accept the
25 │ trial plan, but the Bankruptcy Trustee continued to make reduced payments in the amount of $554.20
26 │ in October, November and December, 2013, even though the documentation triggering the notice of
27 │ payment change only allowed for the reduced payment through September. (Exhibit B to
28 │

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1722570.1

1  Complaint.) Accordingly, the Bankruptcy trustee was not paying what was actually owed on the
2  loan for at least the last three months of 2013. Therefore, Plaintiffs were still in arrears upon closing
3  of the Chapter 13 plan even if all allegations in the Complaint are taken as true.

4  As such, the court should grant the motion to dismiss as to Plaintiffs' first cause of action
5  under the Rosenthal Act.

6  **B. Plaintiffs' Third Cause of Action Under California Civil Code section 2920-2944.7 Fails**
7  **Because It Does not State Any Violation, Material or Otherwise, of Section 2923.7, The**
8  **Only Cited Section of the HBOR**

9  Plaintiffs' third cause of action claims general violations of the HBOR, however, the only
10  section relied upon appears to be Civil Code section 2923.7. In this regard, Plaintiffs allege that
11  PNC violated Civil Code section 2923.7 by failing to "establish a single point of contact with respect
12  to the LOAN despite PLAINTIFF'S request of the same … [failing] to make any reasonable
13  investigation into the LOAN or the DEFENDANT's filings in the PLAINTIFF'S BANKRUPTCY
14  and wrongfully[continuing] to collect fees and threaten foreclosure". (Complaint, Paragraph 47.)

15  Civil Code section 2923.7 states in pertinent part that "single point of contact" means "an
16  individual or team of personnel each of whom has the ability and authority to perform the
17  responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall ensure
18  that each member of the team is knowledgeable about the borrower's situation and current status in
19  the alternatives to foreclosure process."

20  However, nothing within the third cause of action suggests that PNC failed to meet the above
21  definition of a "single point of contact". Rather, although it is unclear from the pleading, Plaintiffs
22  appear to be claiming that they should have been referred to a single individual. Such is not required
23  under section 2923.7's definition of "single point of contact". Accordingly, Plaintiffs' claims for
24  violation of section 2923.7 fail to state a violation of the section.

25  Moreover, although Plaintiffs refer generally to a failure to investigate, collection of
26  improper fees and threatening foreclosure, they fail to identify any part of the statutory scheme
27  related to these allegations and it is not PNC's obligation to guess at the statutory sections to which
28

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  Plaintiffs may be referring.  As such, these allegations simply fail to meet the required specificity to
2  plead a statutory violation.  (Khoury, supra at 619.)

3      Further, Plaintiffs' third claim under HBOR fails because it does not state any material
4  violation of the HBOR.  (See Civil Code section 2924.12(a) and (b))  Specifically, Plaintiffs have
5  not alleged how the failure to provide a "single point of contact" would have changed any outcome
6  related to the foreclosure process or resulted in a material loss to Plaintiffs, who were admittedly in
7  default under their loan obligations.   Further, Plaintiffs may not recover damages because they have
8  failed to allege a sale of the Property has taken place. (See Civil Code section 2924.12(b).)

9      Therefore, this Court should grant the motion to dismiss the third cause of action.

10 **C. Plaintiffs' Second Claim for Violations of Business & Professions Code 17200**
11    **Fails Because Plaintiffs Have Not Stated Any Independent Wrongful Conduct by PNC**
12    **And Plaintiffs Lack Standing**

13     California Business & Professions Code § 17200 ("UCL") "prohibits any 'unlawful, unfair or
14 fraudulent business act or practice.'" (*See* Cal. Bus. & Prof. Code § 17200; *see also* Berryman v.
15 Merit Property Management, Inc., 152 Cal. App. 4th 1544, 1554(2007).)  Under its "unlawful"
16 prong, "the UCL borrows violations of other laws ... and makes those unlawful practices actionable
17 under the UCL." (Berryman, *supra*, at 1554 [*citing* Lazar v. Hertz Corp. (1991) 69 Cal. App. 4th
18 1494, 1505].)  "Thus, a violation of another law is a predicate for stating a cause of action under the
19 UCL's unlawful prong." (Id.)

20     Here, Plaintiffs' references to instituting improper or premature foreclosure proceedings,
21 operating a sham loan modification process, improperly collecting fees and costs not actually
22 necessary or incurred and failing of follow sections 2920-2944.7 of the Civil Code are simply legal
23 conclusions unsupported by any facts. (See Complaint, Paragraph 38.)  These allegations do not
24 show that PNC has engaged in unfair, fraudulent or unlawful conduct with respect to Plaintiffs and
25 therefore do not meet the required specificity to plead a statutory violation under the UCL in any
26 event. (See Khoury, supra at 619.)  Furthermore, the term "fraudulent", as used in the UCL, has
27 been held to require the showing that members of the public are likely to be deceived. (Berryman,

28

8
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1722570.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1  *supra* at 1556.)  Here, Plaintiffs have failed to state how any purported conduct by PNC is likely to

2  deceive members of the public.

3  Although Plaintiffs vaguely conclude in other parts of the Complaint that PNC wrongfully

4  attempted to collect amounts not owed and failed to provide a single point of contact, PNC was not a

5  "debt collector" as defined under the Rosenthal Act and it was not attempt to collect a "debt" as

6  defined under that Act.  Even assuming arguendo that PNC was a "debt collector" attempting to

7  collect a "debt", which it was not, the allegations of the Complaint reflect that the amount PNC was

8  attempting to collect was actually collectable and owed.  Therefore, there is no statutory violation or

9  wrongful conduct upon which Plaintiffs' UCL claim might be based.

10  Moreover, even assuming arguendo that Plaintiffs could allege a statutory violation, or unfair

11  or fraudulent conduct, California Business and Professions Code § 17204 limits standing to bring a

12  UCL claim to specified public officials and a private person "who has suffered injury in fact and has

13  lost money or property as a result of the unfair competition."  (Vega v. JPMorgan Chase Bank, N.A.,

14  654 F.Supp.2d 1104, 1117 (E.D.Cal., 2009).)

15  Here, Plaintiffs have not stated any facts reflecting actual loss of money or property causally

16  related to the conduct of PNC.  Plaintiffs' bare conclusions that "DEFENDANT has prospered and

17  benefitted from PLAINTIFF by unlawfully collecting or attempting to collect mortgage payments

18  and fees for foreclosure related services, and have been unjustly enriched…" (Complaint, Paragraph

19  42) fail to meet the specificity requirement to state a claim under 17200.  Further, the Property has

20  admittedly not been sold and as such cannot provide any basis for a claim for loss of "money" or

21  "property".

22  Therefore, Plaintiffs' second claim under the UCL must fail.

23  ///

24  ///

25  ///

26  ///

27  ///

28

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1  V.    **CONCLUSION**

2         For the foregoing reasons, this Court should grant PNC's motion to dismiss in its

3  entirety and dismiss Plaintiff's entire Complaint with prejudice.

4  DATED: June 13, 2014                    WOLFE & WYMAN LLP

5

6                                          By:    //s// JOSHUA M. BRYAN
                                                  BRIAN H. GUNN
7                                                 JOSHUA M. BRYAN
                                           Attorneys for Defendant
8                                          **PNC BANK, N.A. (named as PNC**
                                           **MORTGAGE, A DIVISION OF PNC**
9                                          **BANK, NA)**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1722570.1