UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOHN SOKOLOSKI and GAIL SOKOLOSKI,<br><br>    Plaintiffs,<br><br>  v.<br><br>PNC MORTGAGE, a division of PNC BANK, NA and DOES 1 through 10, inclusive,<br><br>    Defendant. | CIV. NO. 2:14-1374 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiffs John Sokoloski and Gail Sokoloski initiated this action in Yuba County Superior Court against defendant PNC Mortgage, bringing claims arising out of the threatened foreclosure of their home. Defendant removed this action on the basis of diversity jurisdiction, (Docket No. 1), and plaintiffs now move to remand, (Docket No. 6).[1]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.

1

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Because the parties agree that complete diversity exists, the sole issue in this matter is whether the amount in controversy requirement is met. As the party seeking removal, defendant "has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002).

Here, plaintiffs' Complaint seeks $1000 in statutory damages. (Not. of Removal Ex. A ("Complaint") ¶ 31 (Docket No. 1).) However, plaintiffs also seek an unspecified amount of actual damages, attorney's fees, punitive damages, and injunctive relief, including an injunction to prevent defendant from foreclosing upon plaintiffs' home. (Id. ¶¶ 31-48.)

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Cohn, 281 F.3d at 839 (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S.

---

E.D. Cal. L.R. 230(g).

333, 347 (1977)).  Where, as here, a plaintiff seeks to enjoin a foreclosure, "the value of the property is the object of the litigation."  Reyes v. Wells Fargo Bank, N.A., Civ. No. 10-1667 JCS, 2010 WL 2629785, at *5 (N.D. Cal. June 29, 2010); see also Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (determining that the amount in controversy requirement was satisfied because either the amount of the plaintiff's indebtedness on the loan or the fair market value of the property exceeded the statutory minimum).  Since Garfinkle, district courts have split in looking to either the fair market value of the property or the amount of indebtedness to determine the amount in controversy.  See Reyes, 2010 WL 2629785, at *5 (describing disagreement and listing cases).

Under either approach, defendant has demonstrated that the amount in controversy requirement is met here.  First, defendant has shown that the property was used to secure a loan of $150,000.  (Def.'s Req. for Judicial Notice ("RJN") Ex. A. (Docket No. 7-1).)[2]  Although the property value may have decreased somewhat since then, it is more likely than not that the property's current value exceeds $75,000, especially considering plaintiffs present no evidence to the contrary.

Second, defendant has produced evidence that plaintiffs' remaining indebtedness on the home is $74,569.89.

---

[2]  The court will take judicial notice of the Deed of Trust because it is a matter of public record whose accuracy cannot be questioned.  See Fed. R. Evid. 201; Lingad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010) (determining that a deed of trust was a publicly recorded document properly subject to judicial notice).

3

(Arthur Decl. ¶ 4, Ex. 1 (Docket No. 8-1).) Although this amount by itself does not exceed the jurisdictional minimum, when combined with the $5,215.50 in attorney's fees and costs plaintiffs have already incurred,[3] as well as the $1,000 in statutory damages plaintiffs seek, the amount in controversy exceeds $75,000.

Accordingly, because defendant has demonstrated that it is more likely than not that the amount in controversy exceeds $75,000, this court has diversity jurisdiction and must deny plaintiffs' order to remand.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand be, and the same hereby is, DENIED.

Dated:   August 6, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]   If a statue underlying plaintiffs' claim authorizes an award of attorneys' fees, the court may include such fees when determining the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). If plaintiffs prevail on their Rosenthal Act claim, they will be entitled to attorneys' fees. See Cal. Civ. Code § 1788.30(e). Although plaintiffs argue that it would be too speculative to estimate the full amount of attorney's fees they may recover, they concede that the $5,215.50 in attorney's fees and costs already incurred may be included in determining the amount in controversy.

4